UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSE GABRIEL QUIARO RIVERO,

    Petitioner,

v.    Case No. 3:26-cv-252-MMH-SJH

KRISTI NOEM, et al.,

    Respondents.

## ORDER

    Petitioner Jose Gabriel Quiaro Rivero, an immigration detainee at Baker Correctional Institute, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition) under 28 U.S.C. § 2241 on February 6, 2026. Rivero argues that his detention violates the Immigration and Nationality Act, the Fifth Amendment, the Administrative Procedure Act, the Suspension Clause, and the Accardi[1] doctrine. See Petition at 13-24. As relief, he asks the Court, inter alia, to order his immediate release or alternatively, a bond hearing. Id. at 24-25.

    On February 9, 2026, Rivero filed a Motion for Temporary Restraining Order (Doc. 3; Motion). In the Motion, Rivero seeks issuance of a temporary restraining order enjoining Respondents from transferring him outside of this

---

[1] See United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954).

Court's jurisdiction during the pendency of this case and "[d]irect[ing] Respondents to provide him with a constitutionally adequate bond hearing before a neutral Immigration Judge within three (3) days, at which the government bears the burden of proving, by clear and convincing evidence, that continued detention is necessary." Motion at 17.

Upon review, the Court finds that the Motion fails to comply with the Federal Rules of Civil Procedure and this Court's Local Rules. Specifically, the Motion does not include a written certification by Rivero's counsel regarding "any efforts made to give notice [to Respondents] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Additionally, the Motion does not include "a precise and verified explanation of the amount of the required security" or a proposed order. See Local Rule 6.01(a)(4), (6), United States District Court, Middle District of Florida; see also Fed. R. Civ. P. 65(c). As such, the Motion is due to be denied without prejudice. Should Rivero choose to refile his request, he must ensure full compliance with the Rules.[2]

Further, the Petition is a "shotgun pleading." The Eleventh Circuit has identified four types of "shotgun pleadings." Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The first is a

---

[2] Rivero should also know that temporary restraining orders are meant to "preserv[e] the status quo rather than grant[] most or all of the substantive relief requested in the complaint." Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982).

complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Barmapov v. Amuial, 986 F.3d 1321, 1324-25 (11th Cir. 2021) (internal quotation marks and citation omitted). Here, each count in the Petition begins with substantially the same paragraph: "Petitioner re-alleges and incorporates by reference the [(or all)] preceding paragraphs as though fully set forth herein." Petition at 13, 15, 17, 19, 21; see id. at 23 (substantially similar statement). Thus, the Petition is due to be stricken without prejudice as a shotgun pleading.

The Court also notes another issue with the Petition. Rivero lists Ronnie Woodall, in his official capacity as the Warden of Baker Correctional Institution, as a Respondent, among others. See Petition at 9. But the caption of the Petition lists "John Doe, in his official capacity as Warden of the Baker Correctional Institution." Id. at 1. Likewise, the proposed summons is for "John Doe, Warden." Doc. 1-7 at 1. If Rivero chooses to amend, he must clarify the parties he names as Respondents.

Accordingly, it is **ORDERED**:

1. Rivero's Motion for Temporary Restraining Order (Doc. 3) is **DENIED without prejudice**.

3

2. The Petition (Doc. 1) is **STRICKEN without prejudice** as a shotgun pleading. Should Rivero choose to do so, he may file an amended petition by **February 24, 2026**.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of February, 2026.

MARCIA MORALES HOWARD
United States District Judge

JAX-3 2/9
c:	Counsel of record